HOPPING, Justice.
We have for review by certiorari an order of the Florida Industrial Commission reversing and dismissing an order of an Industrial Judge who had awarded to the petitioners reimbursement from the Special Disability Fund. Because our disposition of this cause turns upon the complex facts herein and the findings in two orders of the Industrial Judge, it is necessary that we review the circumstances of this case in detail.
On December 27, 1965, James Mose Williams, an employee of the petitioner, Texaco, suffered an injury to his lower back. The Industrial Judge in his compensation order of November 8, 1966, found in part *
“The claimant (Williams) was hired by the employer (Texaco) herein without knowledge or indication of any physical impairment relating to his low back, but with an obvious physical impairment to his eyes or vision which was known to the employer.”
:}{ ;Jc >{c ;ji % jfc
■“The undersigned (Industrial Judge) finds that the claimant’s eye condition •and vision impairment zvas known to the ■employer at the time he was hired and that said condition is an obstacle to ■claimant’s obtaining employment and has merged with the claimant’s injury to his low back, giving him an overall disa-ability that is substantially and materially greater than would be the case if the claimant’s low back condition were considered by itself.”
(Emphasis supplied.)
The Industrial Judge also found that the claimant had 60% permanent partial disability and that some of this disability was due to a “pre-existing condition of which the employer had no knowledge.” It is important to note that the Industrial Judge’s finding with regard to the pre-existing condition which the employer had “no knowledge” could have only related to the claimant’s pre-existing back injury because in the same order the Industrial Judge clearly found that the employer had knowledge of the pre-existing eye problem.
The Industrial Judge went on to find that 20% of claimant’s disability was due to “his pre-existing condition” and apportioned the claim 40% to the present accident and 20% to the “pre-existing condition.”
Following this order, Williams, his attorney and the petitioners stipulated to a lump sum payment to Williams in discharge of petitioners’ further responsibility to him.
After the lump sum settlement was confirmed, petitioners applied to the Special Disability Fund for reimbursement of their excess payments to Williams which were allegedly caused by the merger of the “known” pre-existing eye condition with the compensable injury to claimant’s back. The Special Disability Fund defended on the twin grounds that (1) since this was an apportionment case there was no excess payment made for which the Special Disability Fund might be called upon to reimburse the carrier, and (2) the compensable back injury and the eye problem did not merge to create a greater over-all disability. After a hearing was held on the petitioners’ claim against the Special Disability Fund, the same Industrial Judge entered a second order in which he again found that: *113 The Industrial Judge further found that this merger increased Williams’ over-all disability by 50% and that petitioners are entitled to reimbursement from the Special Disability Fund of 50% of what they had previously paid to Williams.
*112 “The claimant’s (Williams) eye condition and vision impairment is an obstacle to claimant’s obtaining employment and this merged with claimant’s low back injury making his over-all disability materially and substantially greater than it would be if the claimant’s low back injury would be if considered by itself.”
*113 The Full Commission reversed the Industrial Judge’s second order holding that the Judge in his first order had apportioned out of the award to Williams any portion of the award which was the result of both the pre-existing back injury and the preexisting eye problem. The Commission concluded that since the carrier-petitioner had been relieved of liability for that portion of the disability which was not the result of the compensable accident, the carrier was not entitled to reimbursement from the Special Disability Fund because he had paid no excess amounts to the claimant.
Although the Full Commission in support of its position correctly cited Stephens v. Winn-Dixie Stores, Inc., 201 So.2d 731 (Fla.1967), as controlling, we conclude that the Full Commission has misapprehended the import of the Industrial Judge’s two orders.
The key issue in the present proceeding is the determination of whether or not the apportionment included both the back injury, of which the petitioner Texaco had no knowledge, and the eye problem of which Texaco was fully aware. If both of these pre-existing conditions were included in the Judge’s apportionment of 20% to Williams’ “pre-existing condition” then the Full Commission’s dismissal of this claim on the ground that the petitioner-carrier did not pay any excess compensation because of claimant’s pre-existing conditions, is correct. If, on the other hand, the Industrial Judge only apportioned out of claimant’s award that portion of the award which related to the “unknown” pre-exist-ing back injury, then the Special Disability Fund may be liable for excess payments caused by the merger of the “known” preexisting vision problem, which was not apportioned, with the compensable back injury.
Although the language used by the Industrial Judge in his original order awarding compensation to Williams could have been clearer, when read in context, it is apparent to us that it was his intent to apportion out only that part of the award relating to the pre-existing back injury which the petitioner had no prior knowledge. This factual conclusion is reinforced by the Judge’s findings in the second order, wherein he expressly reiterated his holding in the first order that the vision problem merged with the compensable accident to create a substantially greater disability.
Because that portion of the claimant’s permanent partial disability caused by the “known” pre-existing eye injury was not apportioned out by the Judge in his first compensation order, the Full Commission’s conclusion that the carrier by the original order had been relieved of liability for all of the disability that was not caused by the compensable injury is erroneous. Even though we must quash the order of the Full Commission herein, said Commission must still determine whether the Industrial Judge’s second order is supported by competent substantial evidence and is in accord with the essential requirements of law. In this regard we specifically call the Florida Industrial Commission’s attention to the case of Russell House Movers, Inc. v. Nolin, 210 So.2d 859, 862 (Fla.1968).
For the reasons above stated, petition for writ of certiorari is granted, the order of the Full Commission is quashed and this cause is remanded to the Full Commission for proceedings not inconsistent with this opinion.
It is so ordered.
CALDWELL, C. J., and THOMAS, ROBERTS and ERVIN, JJ., concur.